**WILCOXEN CALLAHAM, LLP**
DANIEL E. WILCOXEN, SBN 054805
WALTER H. LOVING, SBN 109348
MARTHA A. TAYLOR, SBN 260692
2114 K Street
Sacramento, California 95816
Telephone: (916) 442-2777
Facsimile: (916) 442-4118

Attorneys for Plaintiff
KRISTINE DAVENPORT

FILED
Apr 03, 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES *ex rel.* KRISTINE DAVENPORT and KRISTINE DAVENPORT, individually,<br><br>Plaintiffs,<br><br>-vs-<br><br>PLUM HEALTHCARE GROUP, LLC. and MCKINLEY PARK CARE CENTER,<br><br>Defendants. | Case No. 2:16-CV-2670-TLN-CKD<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. §3730(B)(2)**<br><br>**AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS ACT WITH DEMAND FOR JURY TRIAL** |

**COME NOW** Plaintiffs, KRISTINE DAVENPORT, individually, and THE UNITED STATES OF AMERICA, and allege against PLUM HEALTHCARE GROUP, LLC. and MCKINLEY PARK CARE CENTER, as follows:

//
//
//
//
//
//
//

1

AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS ACT WITH DEMAND FOR JURY TRIAL

00149221

# I.
# JURISDICTION

1. This action arises under the False Claims Act, 31 U.S.C. §§3729, *et seq.* This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. §3732(a). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1345 and 28 U.S.C. §1331.

2. This Court may exercise personal jurisdiction over Defendants pursuant to 31 U.S.C. §3732(a) because Defendants reside and transact business in the Eastern District of California. Additionally, the Defendants committed acts in violation of 31 U.S.C. §3729 within the judicial district which is in the Eastern District of California.

# II.
# VENUE

3. Venue is proper in this Federal District pursuant to 31 U.S.C. §3737(a) because the acts prescribed by 31 U.S.C. §§3729, *et seq.* and complained of herein took place within this Federal District. Additionally, venue is proper in this Federal District pursuant to 28 U.S.C. §1391(b) and (c) because at all times material and relevant, Defendants transacted business in this District.

# III.
# NATURE OF THE ACTION

4. KRISTINE DAVENPORT, Relator and Plaintiff, brings this action pursuant to the *qui tam* provision of the False Claims Act, 31 U.S.C. §§3729, *et seq.* (hereafter "the Act") to recover treble damages, civil penalties, attorneys fees and all other relief available under the Act.

5. This case involves damages sustained by the United States of America (hereinafter "the U.S. Government") by virtue of the Defendants' systematic fraudulent over billing conduct on Medicare/Medicaid. From, prior to and at least June 2012, and continuing through to the present, Defendants have violated the False Claims Act (FCA) by knowingly submitting, causing to be submitted and/or conspiring

2

**AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS ACT WITH DEMAND FOR JURY TRIAL**

00149221

to submit, false and inflated monetary claims for the payment, which were in fact paid, for the care of patients in their skilled nursing facilities for billing entries for treatment not actually given and/or billing entries for treatment not medically necessary.

6.  As a result of Defendants', and each of their, false statements, false certifications, false or fraudulent claims, false enrollments and actions to improperly inflate numbers of medical care and/or treatment hours actually provided and false submissions, Defendants wrongfully obtained at least hundreds of millions of dollars from the U.S. Government that they were not entitled to receive.

## IV.
## PARTIES

7.  Relator-Plaintiff, KRISTINE DAVENPORT, is a citizen of the United States and a resident of California. Ms. KRISTINE DAVENPORT is a Physical Therapist who was employed by Defendants as an Area Rehabilitation Manager. Ms. KRISTINE DAVENPORT began her employment with Defendants in January of 2012. She was an Area Rehabilitation Manager for Defendants from January 2012 to April 2016.

8.  Relator-Plaintiff, KRISTINE DAVENPORT, is the "original source" of the information alleged herein as that term is used in the False Claims Act context. She has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the U.S. Government before filing an action under the False Claims Act.

9.  Defendant PLUM HEALTHCARE GROUP, LLC. (hereafter "PLUM HEALTHCARE"), is a for profit corporation that is primarily engaged in operating skilled nursing facilities in California, Utah and Arizona. It's headquarters are located in San Marcos, California. MCKINLEY PARK CARE CENTER (hereafter "MCKINLEY") is a post-acute rehabilitation facility in Sacramento, California that provides 24-hour, in-patient skilled nursing services. MCKINLEY is owned and operated by PLUM

AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS ACT WITH DEMAND FOR JURY TRIAL

00149221

HEALTHCARE.

## V.
## THE FALSE CLAIMS ACT

10. The False Claims Act (FCA) provides in pertinent part that:

(a) Any person who (1) knowingly presents, or causes to be presented to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; ... or (4) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government, is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, plus 3 times the amount of damages which the Government sustains for each false claim presented because of the act of that person.

(b) For purposes of this section, the terms "knowing" and "knowingly" mean that a person without respect to information (1) had actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required. 31 U.S.C. §3729.

## VI.
## DEFENDANTS' FRAUDULENT SCHEMES

11. Defendants, and each of them, submitted, and continue to submit, false and fraudulent claims to federally funded health programs, primarily Medicare Parts A and B and/or Medicaid, (hereinafter "Medicare/Medicaid") for payment for alleged services provided by them, or their employees, for patient treatment that was not

AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS
ACT WITH DEMAND FOR JURY TRIAL

00149221

actually provided, and/or which was not medically necessary.

12. Defendants, and each of them, have employed a systematic pattern and practice of routinely falsifying documents and certifications in order to make it appear that they provided services, such as physical and occupational therapy time (in minutes), that were not actually provided, knowingly thereby increasing the cost of services paid for by Medicare/Medicaid.

13. As a policy and practice, Defendants, and each of then, falsified billing and patient records to reflect services not actually provided. Said billing practice was known at PLUM HEALTHCARE and MCKINLEY as "paper treatment" (which was the creation of a paper record of treatments not actually provided to the patient but which was billed for.) Additionally, as a policy and practice, defendants retroactively "upgraded" (claiming more treatment was provided to a patient than actually occurred) the amount of treatment provided to patients in order to bill at a higher rate.

14. Relator-Plaintiff KRISTINE DAVENPORT witnessed first hand that Defendants, and each of them, had a system in place to fraudulently report their patients as having received minutes of physical therapy treatments that they never actually received in order to bill their treatment at higher billing rates, this was commonly known as "impersonating" at PLUM HEALTHCARE and MCKINLEY.

15. Relator-Plaintiff KRISTINE DAVENPORT further witnessed first hand that Defendants, and each of them, routinely submitted and continue to submit billing entries for treatments that were given but not medically necessary.

16. Defendants, by or through their agents, officers or employees, including but not limited to the Medical directors employed by and working for PLUM HEALTHCARE knowingly falsified billings and submitted them to Medicare/Medicaid. These falsified billings were submitted purposely to allow PLUM HEALTHCARE to receive payments for services that were not actually provided, or provided when not

necessary.

17.   Defendant PLUM HEALTHCARE and MCKINLEY were over billing Medicare/Medicaid by submitting billing for more physical therapy minutes than they actually provided to each individual patient. This enabled them to bill each patient at higher rates.

18.   Relator-Plaintiff KRISTINE DAVENPORT discovered that various patients received 700 actual minutes of occupational therapy and physical therapy treatment while at PLUM HEALTHCARE over a period of seven days.  However these same patients were billed as having received 720 minutes of physical therapy, even though they fell short by 20 minutes of actual therapy.  Billing and Payments to skilled nursing facilities are based upon a system called the Rehabilitation Utilization Group or (RUG). The RUG rates are criteria set by Medicare/Medicaid to determine the amount that Medicare/Medicaid will reimburse to skilled nursing facilities.  Residents in nursing homes are assigned to one of seven Nursing Home Resident Assessment Groups or "RUGs," which carry with them different payment rates. Per the RUG rates established by Medicare/Medicaid, patients receiving 720 minutes of physical therapy qualify to be billed at the Rehab Ultra Rate of $750.00 a day.  In contrast when patients receive less that 720 minutes of actual therapy the lower Rehab Utilization Group Rate is supposed to be billed which is only $600.00 per day.

19.   Relator-Plaintiff KRISTINE DAVENPORT discovered that MCKINLEY and PLUM HEALTHCARE were routinely and as a general practice fraudulently increasing the physical therapy minutes for all their patients receiving physical therapy in order to bill at the higher cost rate of Rehab Ultra Rate. Ms. DAVENPORT discovered that approximately 50 patients a month at MCKINLEY were being overbilled for the Rehab Ultra Rate of $750.00 per day rather than the lower Rehab Utilization Group Rate of $600.00 per day, a difference of $150.00 per day. Over a 30 day period the increased difference amounted to an additional $4,500.00 per month being fraudulently over

billed per patient. For an average of 50 patients, the fraudulent overbilling practice amounts to approximately $225,000.00 per month over billed to and paid by Medicare/Medicaid from the MCKINLEY facility alone (one of 63 facilities owned by PLUM HEALTHCARE, which house approximately 100 patients each.) This increased amount of $225,000.00 per month of fraudulent over billing from PLUM HEALTHCARE to Medicare/Medicaid, for one facility, amounts to an overpayment by the U.S. Government of $2,700,000.00 per year (for the MCKINLEY facility alone.) This number represents only one of the 63 facilities owned and operated by PLUM HEALTHCARE. Relator-Plaintiff KRISTINE DAVENPORT is informed and believes that these fraudulent billing schemes were/and are occurring company wide, and are being paid for by the U.S. Government which would amount to annual overcharges to the U.S. Government in the amount of $2,700,000.00 (Two Million Seven Hundred Thousand Dollars) per facility annually x 63 facilities at, $170,100,000.00 (One Hundred Seventy Million One Hundred Thousand Dollars) per year. The over billing numbers of $2,700,000.00 per facility and $170,100,000.00 per year company wide do not include any penalties available under The False Claims Act, codified at 31 U.S.C. §3729(a)(1).

20.   Pursuant to the The False Claims Act, codified at 31 U.S.C. §3729(a)(1) Defendants PLUM HEALTHCARE and MCKINLEY are subject to penalties for each act of overbilling. Said penalties would be calculated as follows: 30 events per month of overbilling per patient, times the lowest allowable false claims penalty of $5,500.00 per event equals $165,000.00, which is per patient, per month at each facility. Penalties of $165,000.00 per patient, per month at each facility times 50 patients equals a minimum of $8,250,000.00 (Eight Million Two Hundred Fifty Thousand Dollars) in penalties for one month in one facility. Penalties of $8,250,000.00 per facility multiplied by 12 months amounts to $99,000,000.00 (Ninety Nine Million Dollars) per year, per facility. Company wide that amounts to penalties of

1  $6,237,000,000.00 (Six Billion Two Hundred Thirty Seven Million Dollars per year
2  ($99,000,000.00 x 63 facilities.)
3       21.    Relator-Plaintiff KRISTINE DAVENPOT gained direct and independent
4  knowledge of the above mentioned false claims by working as an Area Rehabilitation
5  Manager for Defendants.  Her knowledge was gained by actual experience and
6  information from other similarly situated employees.  Through her employment,
7  Relator identified that MCKINLEY was over billing Medicare/Medicaid.
8       22.    In April of 2015, Relator-Plaintiff KRISTINE DAVENPORT reported her
9  findings to her superiors and requested that a chart audit be performed in order to
10 identify the extent of the fraudulent billings.  Ms. DAVENPORT was told by her
11 supervisors Christi Chapin (Director of Rehabilitation Services) and Aaron Edmunds
12 (Branch President for Defendants), that there would be self-reporting to the U.S.
13 Government that overpayments were made by Medicare/Medicaid and that
14 Defendants would repay any overpayments to Medicare/Medicaid.  However,
15 Defendants failed to report or correct these fraudulent overpayments. To Relator-
16 Plaintiff's knowledge no monies have ever been paid back by Defendants to
17 Medicare/Medicaid.

## FIRST CAUSE OF ACTION

*(FALSE CLAIMS ACT: PRESENTATION OF FALSE CLAIMS)*

20      23.    Relator-Plaintiff hereby incorporates, repeats and re-alleges each
21 allegation in paragraphs 1 through 22 as if set forth fully herein.
22      24.    Defendants, by or through their agents, officers or employees, knowingly
23 presented or caused to be presented false or fraudulent claims for payment or
24 approval to the U.S. Government.  Defendant falsely or fraudulently submitted billings
25 to federally funded medical programs including Medicare/Medicaid for services, such
26 as physical and occupational therapy time in minutes, that were not actually provided,
27 thereby increasing the cost of services which are, and were, paid for by

28

8

**AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS**
00149221          **ACT WITH DEMAND FOR JURY TRIAL**

Medicare/Medicaid. Defendants, and each of them, further falsely or fraudulently submitted claims for payment to Medicare/Medicaid, which were paid. Defendants, and each of them also submitted bills for payment to Medicare/Medicaid, which were paid, for treatments that were given to patients but which were not medically necessary.

25. By virtue of the false and fraudulent claims and statements submitted by Defendants, the U.S. Government has suffered damages, and therefore, is entitled to treble damages, civil penalties, and all other relief available under the False Claims Act, 31 U.S.C. §§3729 *el seq.*

## SECOND CAUSE OF ACTION FALSE CLAIMS ACT:
### *(MAKING OR USING FALSE RECORD OR STATEMENTS)*

26. Plaintiff Relator hereby incorporates, repeats and re-alleges each allegation set forth in paragraphs 1 through 25, as if set forth fully herein.

27. Defendants, by or through their agents, officers or employees, knowingly made, used or caused to be used, false records or statements in order to get false or fraudulent claims paid or approved by the U.S. Government.

28. By virtue of the false records or statements made by Defendants, the U.S. Government has suffered damages, and therefore, is entitled to treble damages, civil penalties, and all other relief available under the False Claims Act, 31 U.S.C. §§3729 *el seq.*

## THIRD CAUSE OF ACTION FALSE CLAIMS ACT:
### *(RETALIATION – VIOLATION OF 31 U.S.C. §3730(h))*

29. Relator-Plaintiff hereby incorporates, repeats and re-alleges each allegation set forth in paragraphs 1 through 28, as if set forth fully herein.

30. Plaintiff was threatened, harassed and discriminated against in the terms and conditions of her employment by Defendants, because of her refusal to participate in Defendants' fraudulent schemes and because of the lawful acts done by

1  Plaintiff in furtherance of this action.

2      31.    On April 25, 2016, Relator-Plaintiff KRISTINE DAVENPORT was terminated by Defendant PLUM HEALTHCARE. Said termination occurred at a meeting at PLUM HEALTHCARE corporate headquarters in San Marcos, California, attended by supervisor Christi Chapin and a representative from Human Resources, Melissa Schmiz. Ms. DAVENPORT was told that said termination was due to poor work performance, however, neither Ms. Chapin nor Ms. Schmiz provided or were able to produce any documentation supporting said termination, accusation of her poor work performance and/or their stated reasons.

    32.    Relator-Plaintiff KRISTINE DAVENPORT is informed and believes (and the evidence supports) that her termination was related to her status as a whistleblower. Ms. DAVENPORT was unlawfully terminated by Defendants, because of lawful acts done by Relator-Plaintiff in furtherance of this action and her refusal to participate in Defendant's fraudulent schemes.

    33.    By virtue of Plaintiff being threatened, harassed and discriminated against in the terms and conditions of her employment by Defendants, Plaintiff has suffered damages, and therefore, is entitled to two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result, including litigation costs and reasonable attorneys' fees, and all other relief available under the False Claims Act, 31 U.S.C. §§3729 *el seq.*

//
//
//
//
//
//
//

**AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS ACT WITH DEMAND FOR JURY TRIAL**

00149221

# VII.
# PRAYER FOR RELIEF

Wherefore, Relator-Plaintiff respectfully requests this Court enter judgment against Defendants as follows:

1. That the United States be awarded treble the amount of damages sustained because of Defendants' fraudulent activity and submission of false claims;
2. That the maximum allowable civil penalties be imposed for each and every false claim presented by Defendants;
3. That pre and past judgment interest be awarded;
4. That reasonable attorney's fees, costs and expenses, which the Relator-Plaintiff necessarily incurred in bringing and pursuing this action, be awarded;
5. That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act violations alleged herein;
6. That the Relator-Plaintiff be awarded between 15 and 25 percent of the recovery to the United States of America if the United States intervenes in the action or between 25 and 30 percent of the recovery if the United States declines to intervene as provided by the False Claims Act; and
7. That the Relator-Plaintiff be awarded such relief as deemed proper based upon Defendants' violation of 31 U.S.C. §3730(h), including but not limited to two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result, including litigation costs and reasonable attorneys' fees, and all other relief available under the False Claims Act, 31 U.S.C. §§3729 *el seq;* and
8. That the Court award such other relief as it may deem just and proper.

//

AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS ACT WITH DEMAND FOR JURY TRIAL

00149221

# VIII.
# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator-Plaintiff hereby demands trial by jury.

Respectfully submitted,

DATED: April 3, 2017            By: _____
**WILCOXEN CALLAHAM, LLP**
DANIEL E. WILCOXEN, SBN 054805
WALTER H. LOVING, SBN 109348
MARTHA A. TAYLOR, SBN 260692
2114 K Street
Sacramento, California 95816

DAVENPORT V. Plum Healthcare Group, LLC *SEALED*
U.S. District Court, Eastern District of California, Case No. 2:16-cv-02670-TLN-CKD

**PROOF OF SERVICE** (CCP Section 1013A)

I am a citizen of the United States, and employed in the County of Sacramento. I am over the age of eighteen (18) years, and not a party to the within above-entitled action. My business address is 2114 K Street, Sacramento, CA 95816. On the date set forth hereinelow, I served:

**AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS ACT WITH DEMAND FOR JURY**

on each party listed below, via the following method:

**_XXX_ Via U.S. Postal Service.** By depositing for collection and mailing, following ordinary business practices (I am familiar with the business , practices of the law offices of Wilcoxen Callaham, LLP, for collecting and processing mail, and know that the mail in said office is collected and processed so that this piece of mail was deposited with the United States Postal Service on the same date indicated below), a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid.

**____ Via Overnight Mail Service.** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered via the following overnight mail courier service: **ON TRAC**

**____ Via Facsimile.** Pursuant to agreement of the parties named below, transmitting from facsimile machine number 916-442-4118 to the facsimile numbers listed below, at approximately 11:00 am, on the date indicated below. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. (CRC 2008.)

**___ Via Personal Delivery.** By having personally delivered by office messenger a true copy thereof enclosed in a sealed envelope, on the date indicated below.

U.S Attorney's Office - Eastern District of California
Civil Division
501 "I" Street, 10th Floor
Sacramento, CA 95814

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **April 3, 2017**, at Sacramento, California.

*Vicki Watkins*
Vicki Watkins

00145689

**PROOF OF SERVICE**

1